UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JODY MITTLEIDER, a/k/a Jody Allen Mittleider, <br><br>  Plaintiff, <br><br> vs. <br><br> WARDEN, YANKTON FEDERAL PRISON CAMP; <br><br>  Defendant. | 4:18-CV-04143-KES <br><br> ORDER DENYING MOTION FOR APPOINTMENT OF ATTORNEY <br><br> Docket No. 9 |

This matter is pending before the court on the amended *pro se* habeas petition of Jody Mittleider pursuant to 28 U.S.C. § 2241.  See Docket No. 5.  The court ordered that Mr. Mittleider's petition be served on the United States Attorney and a response be made.  See Docket No. 6.  Mr. Mittleider now moves the court for appointment of an attorney.  See Docket No. 9.[1]

"There is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases."  Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994).  Because a habeas action is civil in nature,

---

[1] Mr. Mittleider did not actually make a motion for court-appointed attorney. Rather, he wrote, "please let me know when you appoint me a lawyer," thus indicating an expectation on his part that court-appointed counsel would be forthcoming.  See Docket No. 9.

the Sixth Amendment right to counsel applicable in criminal proceedings does not apply. Id.

The statutory basis for the appointment of counsel in a habeas case is found at 18 U.S.C. § 3006A(a)(2)(B) and Rules 6(a) & 8(c), Rules Governing Section 2255 Cases in United States District Courts, 28 U.S.C. foll. § 2255. Those statutes provide in relevant part:

> **18 U.S.C. § 3006A(a)(2)(B):**
>
> (2) Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who–
>
> \*\*
>
> (B) is seeking relief under section 2241, 2254, or 2255 of title 28
>
> **Rule 6(a):**
>
> If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> **Rule 8(c):**
>
> If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A . . . These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding.

The appointment of counsel in a habeas case is discretionary when no evidentiary hearing is necessary. Hoggard, 29 F.3d at 471 (citations omitted). "In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." Id. Where the issues can be resolved on the basis of the record alone,

2

there is no abuse of discretion in denying a request for court-appointed counsel.

Here, Mr. Mittleider's habeas claims do not appear to the court to involve complex issues of fact or law. Furthermore, the government has not yet responded to his petition, so it is unknown what facts or claims the government intends to contest or admit. Finally, because this case is in its infancy, it is unknown whether an evidentiary hearing will be warranted. For all these reasons, the court exercises its discretion and denies Mr. Mittleider's request for court-appointed counsel. If an evidentiary hearing becomes necessary or if other circumstances develop justifying the appointment of counsel, the court will revisit this issue. Accordingly, it is hereby

ORDERED that Jody Mittleider's motion for the appointment of counsel [Docket No. 9] is denied without prejudice.

DATED this 30th day of November, 2018.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge